IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

FILED BY \_\_MC\_\_ D.C.

JUL - 8 2025

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

ANTON J. LAZZARO,

Plaintiff,

v.                                        Case No. _____

LGM CONSULTING GROUP,

Defendant.

## COMPLAINT

For his complaint against LGM Consulting Group, Plaintiff Anton J. Lazzaro alleges as follows:

### Introduction

1. Florida law authorizes political campaign fundraising consultants to recover expectancy damages for breaches of political fundraising contracts. Expectancy damages are damages for the hypothetical money a non-breaching party would have earned over the life of a contract versus the money the non-breaching party was owed based on work actually performed.

2. This means that a political campaign is beholden to their fundraising consultant once they enter into a fundraising contract. A campaign that disagrees with a retained consultant's messaging is forced into the Hobson's choice between terminating their consultant (and being subject to judgment for all of the money that might have hypothetically been raised) or continuing with the consultant (and being subject to the consultant's campaign-damaging messaging).

3. That scenario played out here. A prominent Minnesota congressional campaign hired a Florida fundraising consultant, who portrayed the candidate as a radical right-winger—when, in fact, the candidate was a moderate Republican. The campaign

terminated the consultant, but was subject to a crippling money judgment, which hindered its ability to spread its desired messaging. The judgment was also entered against Lazzaro, among others, who personally guaranteed the contract.

4. Florida's authorization of expectancy damages under these circumstances chills Lazzaro from contributing to political campaigns that contract with LGM Consulting Group and/or personally guaranteeing campaign contracts between political campaigns and LGM Consulting Group.

5. Lazzaro asks the Court to declare that Florida's authorization of expectancy damages for breaches of political fundraising contracts violates the First Amendment as applied to Lazzaro.

## Jurisdiction and Venue

6. The Court has subject matter jurisdiction pursuant to 28 U.S.C. §1331 because the claims in this case arise under federal law and in particular the First Amendment to the United States Constitution.

7. Venue is proper in this district because this district is where all of the act and omissions giving rise to this controversy occurred.

## Parties

8. Plaintiff Anton Lazzaro is a natural person and is a citizen of the State of Minnesota.

9. Defendant LGM Consulting Group is a Florida-based political campaign fundraising consultant with its principal place of business in this district.

## Allegations Common to All Claims

10. In 2020, Plaintiff Anton J. Lazzaro was a volunteer campaign worker for the Lacy Johnson for Congress campaign in Minnesota's Fifth Congressional District, which

represents the City of Minneapolis. Johnson's opponent was Congresswoman Ilhan Omar, the well-known sitting representative in the district to this day.

11. Lazzaro, a vocal political activist, had volunteered to assist in managing political campaigns for nearly a decade, and was excited to assist Johnson in running against a very high-profile candidate. Lazzaro was never compensated by the Johnson campaign or any other campaign he has volunteered for.

12. In 2019, Lazzaro was approached though an acquaintance in Florida with an idea. The acquaintance suggested working with a company, LGM Consulting Group ("LGM") to assist in raising funds for Johnson's campaign. Unlike most local campaigns, the Johnson campaign would have a unique reach to national GOP donors who disliked Representative Omar's more extreme political positions.

13. By mid-2019, an agreement had been signed by Lazzaro and Johnson for LGM to utilize e-mail marketing to raise funds for the Johnson campaign. The agreement provided in relevant part that Johnson agreed to give LGM over 80% of the funds they raised. This was due to LGM's agreement to only charge fees based on what was raised.

14. After just two months of fundraising, the relationship deteriorated rapidly. LGM raised less than $100,000, of which they retained over $80,000. Against the Johnson campaign's wishes, LGM used far-right language that painted Johnson, an urban black Republican, as a more right-wing candidate to appeal to donors outside of his district. Republican operatives and consultants advised the Johnson campaign that LGM's political speech was hugely incompatible with their goal of flipping a typically 80% Democrat urban district.

15. Several constituents and campaign volunteers also expressed serious concerns with the speech LGM utilized. Along with LGM's paltry fundraising, the writing was on the wall that it would be impossible to continue this relationship.

16. Unbeknownst to Lazzaro and Johnson, the DocuSign PDF they had earlier signed included a personal guarantee and language that prohibited the campaign from terminating LGM before the 2020 election had already taken place and the fundraising period had closed. The contract even went as far as prohibiting the Johnson campaign from working with *any* other digital fundraising consultants throughout the entirety of the campaign. Campaign counsel advised Johnson and Lazzaro that this language was absurd and unheard of in any political campaign. LGM was then terminated in writing, and thereafter ceased all digital media efforts on behalf of the Johnson campaign.[13]

17. In 2021, LGM sued Lazzaro and Johnson personally in Palm Beach County, Florida, in an effort to collect "hypothetical funds" they alleged "could have" potentially been raised had LGM not been terminated. LGM has never contested the fact that they were fully compensated for the work they actually performed on the Johnson campaign's behalf.

18. The Palm Beach County District Court summarily granted LGM's motion for summary judgment and awarded LGM expectancy damages.

19. Lazzaro appealed the judgement to the Florida Fourth District Court of Appeals. The Florida Fourth District Court of Appeals summarily affirmed the Palm Beach County District Court.

20. The Florida Supreme Court denied Lazzaro's petition for a writ of certiorari.

21. Florida's authorization of expectancy damages is harming Lazzaro because it chills Lazzaro from contributing to political campaigns that contract with LGM and/or personally guaranteeing campaign contracts between political campaigns and LGM. Lazzaro is a Republican and donates to Republican campaigns. LGM is a prominent

---

[13] The Johnson campaign ultimately raised over $10 million, but lost the race to Representative Omar in the heavily-Democrat district.

4

political fundraising consultant in Republican circles and is frequently retained by the campaigns Lazzaro would contribute to. Lazzaro is forced into a position in which he must either contribute to a campaign knowing that the funds would be devoted to paying an expectancy damages judgment or, in the alternative, refrain from being a contributor and/or a personal guarantor.

### Claim 1: Expectancy Damages Under Florida Law Violate the First Amendment as Applied to Lazzaro

22. The First Amendment to the United States Constitution protects political speech, including campaign contributions and political messaging, and is made applicable to the States via the Fourteenth Amendment.

23. Florida's authorization of expectancy damages for breaches of contract between political campaigns and political fundraising consultant violates the First Amendment as applied to Lazzaro.

24. Lazzaro is being irreparably harmed by the availability of expectancy damages because the availability of expectancy damages chills him from engaging in political speech and making political contributions.

25. Expectancy damages under Florida law violate the First Amendment as applied to Lazzaro.

### Prayer for Relief

Wherefore, Lazzaro prays that the Court:

a. Declare that Florida's expectancy damages for breach of contract violates the First Amendment to the U.S. Constitution as applied to Lazzaro;

b. Permanently enjoin LGM Consulting Group from claiming expectancy damages against Lazzaro based on a breach of a political fundraising consultant contract; and

5

    c.    Grant all other relief the Court deems just and equitable.

**Jury Trial Demanded**

Lazzaro demands a jury trial on all issues so triable.

Dated: June 17, 2025                                   Respectfully submitted,

                                                                                                 Anton Lazzaro[14]
                                                                                                 Unit K3—59637-509
                                                                                                 Federal Correctional Institution
                                                                                                 P.O. Box 1000
                                                                                                 Sandstone, MN 55072
                                                                                                 *Pro Se*

---

[14] Lazzaro is a federal prisoner, but he has paid the federal civil complaint filing fee and this suit is not against a government official. Accordingly, there is no "complaint screening" under the Prison Litigation Reform Act.

June

Dear Clerk of Court:

Kindly find the enclosed pro-se complaint to be filed in the U.S. Southern District of Florida. Please send me relevant fees due information via U.S. mail at the signature-line address of the complaint.

Thank you in advance.

Respectfully Submitted,

Anton J. Lazzaro



LAZZARO, ANTON
Reg. 59637-509, VS
Federal Correctional Institution
P.O. Box 1000
Sandstone, MN. 55072

SOLD IN COMMISSARY

⇔59637-509⇔
United States Courthouse
400 N Miami AVE
Room 8
Miami, FL 33128
United States

USPS NOT REVIEW

REC'D BY_____ D.C.

JUL 0 8 2025

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI