UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

ANTON J. LAZZARO,

        Plaintiff,

v.                                                                  Case No. 9:25-cv-80870-BER

LGM CONSULTING GROUP,

        Defendant.
_____/

## MOTION TO DISMISS

Defendant LGM CONSULTING GROUP, LLC ("LGM"), by and through its undersigned counsel, hereby moves to dismiss the Complaint of Plaintiff, ANTON J. LAZZARO ("Lazzaro"), and in support thereof states as follows:

### PRELIMINARY STATEMENT

Lazzaro's rambling, *pro se* Complaint should be dismissed because it is either a collateral attack on a state court judgment, which is barred by the Rooker-Feldman doctrine; or it presents a supposed harm having nothing to do with LGM at all, but instead arises from some perceived damage to Lazzaro's political activities by virtue of the application of Florida common law.

### FACTS ALLEGED IN THE COMPLAINT AND PROCEDURAL BACKGROUND

The Complaint alleges that a "prominent Minnesota campaign" hired LGM as a consultant pursuant to a contract; the campaign terminated the consultant; and as a result, upon suit by LGM, judgment was entered against Lazzaro, as a guarantor of the contract. (Cplt. ¶ 3). The Complaint recites at length Lazzaro's affiliation with and work for the candidacy of Lacy Johnson for Congress. (Cplt. ¶¶ 10-12). It states that Lazzaro, among others, signed an agreement with LGM to raise funds for the Johnson campaign. (Cplt. ¶ 13). It also recites how the relationship between

the Johnson campaign and LGM deteriorated, resulting in termination of the agreement (Cplt. ¶¶ 14-16).

The Complaint then pleads the details pertaining to a Palm Beach County, Florida lawsuit initiated by LGM against Lazzaro and Lacy Johnson based on breach of contract; that the Florida State court granted LGM's motion for summary judgment; that Lazzaro appealed to Florida's Fourth District Court of Appeal, which affirmed the judgment against Lazzaro; and that Lazzaro's subsequent petition for writ of *certiorari* to the Florida Supreme Court was denied. (Cplt ¶¶ 17-21).

What the Complaint fails to recite is that on July 8, 2025, Lazzaro also sought *certiorari* in the Supreme Court of the United States.[1] A copy of the Petition that was mailed to LGM's undersigned counsel,[2] and which is signed by Lazzaro, is annexed as **Exhibit A**. (the "Supreme Court Petition"). The Supreme Court Petition poses the following as the "question presented."

> The State of Florida authorizes political fundraising consultants to recover expectancy damages in breach of contract actions against political campaigns and their donors. Does Florida's authorization of expectancy damages violate the First Amendment to the U.S. Constitution as applied to Lazzaro?

Supreme Court Petition at p. i.

Lazzaro also advocates for a finding that Florida case law violates some future activity by "chilling" his ability to make future campaign contributions to anyone contracting with LGM for political services, and asks that the Court find expectancy damages for breach of political

---

[1] Where the subject matter jurisdiction of the Court is implicated, the Court may properly examine materials outside of the four corners of the complaint. See, e.g., Flournoy v. Gov't Nat'l Mtge. Assoc., 156 F. Supp.3d 1375, 1378 (S.D. Fla. 2019) (determining that on motion to dismiss addressed to court's subject matter jurisdiction based on Rooker-Feldman doctrine, court properly could address evidence outside the pleadings).

[2] Undersigned Counsel has been unable to discern if the Supreme Court Petition has been accepted by the United States Supreme Court for filing and docketing.

fundraising contracts in violation of federal law. (Cplt ¶¶ 4-5). The Complaint does not identify any other campaigns that are indebted to LGM; any campaign for which LGM is working; any campaign for which Lazzaro is serving as a guarantor; or any claimed inability by Lazzaro whatsoever to donate to any specific political campaign. Instead, it alleges that Florida contract law principles chill him from contributing to unidentified political campaigns that contract with LGM or from personally guaranteeing contracts between political campaigns, generally, and LGM. (Cplt ¶ 21). No campaigns are identified, and it is not clear whether there currently are any such campaigns or contracts.

The Complaint contains a single, four-paragraph claim, which is devoid of any mention of LGM.  Instead, it asserts that "expectancy damages" under Florida law chills Lazzaro from engaging in political speech and making political contributions, and as such supposedly violates the First Amendment. (Cplt ¶¶ 22-25).

Notwithstanding, the Complaint's *ad damnum* paragraphs seeks both a declaration that "Florida's expectancy damages for breach of contract violates the First Amendment to the U.S. Constitution as applied to Lazzaro;" and, disjointedly, that LGM should be permanently enjoined "from claiming expectancy damages against Lazzaro based on a breach of a political fundraising contract." As shown above, LGM is currently making no such claim against Lazzaro because it already obtained a judgment against Lazzaro and instead simply seeks to enforce its judgment.

Accordingly, as against LGM, the Complaint presents nothing more than a collateral attack on the judgment entered by the Florida State court and which has been upheld on appeal.

## ARGUMENT

### I.

### THIS COURT LACKS SUBJECT MATTER JURISDICTION OVER LAZZARO'S COMPLAINT, BECAUSE LAZZARO'S COLLATERAL ATTACK ON THE STATE COURT JUDGMENT IS BARRED BY THE ROOKER-FELDMAN DOCTRINE.

This Court lacks subject matter jurisdiction pursuant to the Rooker-Feldman doctrine, as established by the United States Supreme Court in D.C. Court of Appeals v. Feldman, 460 U.S. 462 (1983) and Rooker v. Fid. Trust Co., 263 U.S. 413, 415016 (1923). The Rooker-Feldman doctrine bars federal court review of state court final judgments, "because that task is reserved for state appellate courts or, as a last resort, the United States Supreme Court." Casale v. Tillman, 558 F.3d 1258, 1260 (11th Cir. 2009); see also Flournoy v. Gov't Nat'l Mtge. Assoc., 156 F. Supp.3d 1375, 1379 (S.D. Fla. 2019) (same). The Rooker-Feldman doctrine applies to federal claims raised in the state court and to those "inextricably intertwined" with the state court's judgment. Casale, 558 F.3d at 1260 (citing Feldman). The doctrine specifically applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Casale, 558 F.3d at 1261 (citation omitted); Flournoy, 156 F. Supp.3d at 1379, 1381 (same, refusing to declare the loan at issue in a prior state court judgment illegal and void); see also Hobbs v. U.S. Office of Personnel Mgmt., 485 F. Supp. 456, 458 (M.D. Fla. 1980) (holding that decision of California Court was *res judicata;* federal court had no right to review it; and appropriate avenue for review would have been through California state appellate courts and the United States Supreme Court); In re Oliver, 142 B.R. 486, 490 (Bkcy. M.D. Fla. 1992) (Paskay, J.) (refusing to consider challenge to transfer which was "nothing more than an end run around the Circuit Court litigation" and a "collateral attack" on the judgment of the Circuit Court); In re Crowder, 37 B.R.

4

53, 55 (Bkcy. S.D. Fla. 1984) ("the debtor's remedy for an erroneous ruling is or was an appeal to the appropriate State court, not a collateral attack on the State court judgment in this court.").

Lazzaro falls squarely within the application of the Rooker-Feldman doctrine. He lost in the Florida State courts. He seems to acknowledge that his next and final alternative is to seek *certiorari* review in the United States Supreme Court and, to that end, he served (and, we assume but cannot confirm) filed his Supreme Court Petition. Lazzaro now seeks to collaterally attack the judgment issued against him by a Florida State court. This Court lacks subject matter jurisdiction to entertain a collateral attack against the judgment awarded to LGM against Lazzaro, which already was upheld on appeal. Lazzaro's claims against LGM thus should be dismissed with prejudice. Accordingly, for this threshold reason, the Complaint should be dismissed.

## II.

### LAZZARO'S REQUEST FOR RELIEF FOR THE "CHILLING" OF HIS RIGHTS FAILS TO STATE A CLAIM AGAINST LGM.

The only relief that the Complaint pleads that is focused upon LGM is Lazzaro's impermissible collateral attack on the Florida State court judgment. To the extent that Lazzaro asserts that some Florida State legal principles supposedly infringe on any other right he claims to possess, that is a case he can take up against the State of Florida, not against LGM. LGM, of course, is distinct from the Florida legislature and its courts.

Lazzaro, however, has not sued the State of Florida or any of its constituent agencies or offices in this lawsuit.

Accordingly, upon application of the Rooker-Feldman doctrine, the Court will lack any subject matter jurisdiction, and the case in toto should be dismissed.

### III.

### LAZZARO'S REQUEST FOR RELIEF FOR THE "CHILLING" OF HIS RIGHTS IS NOT JUSTICIABLE BECAUSE IT FAILS TO PRESENT A CASE OR CONTROVERSY.

Article III of the United States Constitution prohibits a Court from rendering advisory opinions in the absence of an actual case or controversy. U.S. Const. Art. III, § 2, cl. 1; United States v. Fruehauf, 365 U.S. 146, 157 (1961); Dixie Elec. Co-op. v. Citizens of State of Ala., 789 F.2d 852, 857 (11th Cir. 1986) ("Federal courts may not render advisory opinions on abstract or hypothetical propositions of law.") (citations omitted). Under Article III, a case or controversy exists when the dispute between the parties is:

> definite and concrete, touching the legal relations of parties having adverse legal interests; and that it be real and substantial and admi[t] of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts . . . Basically, the question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

MedImmune, Inc. v. Genentech, Inc., 549 U.S. 118, 127 (2007) (internal citations and quotations omitted). Here, the Complaint fails to identify a single campaign, contribution, guaranty or any other contract that supposedly is at stake (nor, as stated in Section II, above, would any such right implicate LGM). Lazzaro asks the court to declare his rights in the abstract, which fails to articulate a justiciable "case or controversy." Further, even if there were some articulable "case or controversy," it would be with whichever campaign were at issue, not with respect to LGM.

For this additional reason, the Complaint should be dismissed.

## **CONCLUSION**

For the foregoing reasons, the Complaint should be dismissed with prejudice.

Dated:  November 4, 2025

> DBR LAW, P.A.
> 1900 Glades Road, Suite 270
> Boca Raton, FL 33431
> Telephone: (561) 853-0991
> Email:  daniel@dbrlawfirm.com
> Secondary Email:  rose@dbrlawfirm.com
>
> By:  /s/ Daniel B. Rosenthal
> DANIEL B. ROSENTHAL
> Florida Bar Number:  711934
>
> *Counsel for Defendant LGM Consulting Group, LLC*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 4th day of November, 2025, I electronically filed the foregoing with the Clerk of the Court using CM/ECF system which will send a notice of electronic filing via the Court's ECF system to all counsel of record and to Plaintiff Anton Lazzaro by U.S. Mail to Unit K3-59637-509, Federal Correctional Institution, P.O. Box 1000, Sandstone, Minnesota 55072.

DBR LAW, P.A.
1900 Glades Road, Suite 270
Boca Raton, FL 33431
Telephone: (561) 853-0991
Email:  daniel@dbrlawfirm.com
Secondary Email:  rose@dbrlawfirm.com

By:  /s/ Daniel B. Rosenthal
DANIEL B. ROSENTHAL
Florida Bar Number:  711934

*Counsel for Defendant LGM Consulting Group, LLC*