No. _____

## IN THE
## SUPREME COURT OF THE UNITED STATES

ANTON J. LAZZARO,
Petitioner,

v.

LGM CONSULTING GROUP,
Respondent.

ON PETITION FOR WRIT OF CERTIORARI
TO THE SUPREME COURT FOR THE STATE OF FLORIDA

**PETITION FOR A WRIT OF CERTIORARI**

Anton J. Lazzaro
Reg. No. 59637-509—Unit K3
Federal Correctional Institution
P.O. Box 1000
Sandstone, MN 55072
*Pro Se*

i

## QUESTIONS PRESENTED

➢ The State of Florida authorizes political fundraising consultants to recover expectancy damages in breach of contract actions against political campaigns and their donors. Does Florida's authorization of expectancy damages violate the First Amendment to the U.S. Constitution as applied to Lazzaro?

## LIST OF PARTIES

All parties appear in the caption on the cover page of this Petition.

## TABLE OF CONTENTS

QUESTIONS PRESENTED ................................................................................. i

LIST OF PARTIES............................................................................................... ii

TABLE OF CONTENTS ..................................................................................... iii

TABLE OF AUTHORITIES................................................................................ iv

PETITION FOR A WRIT OF CERTIORARI ....................................................1

OPINION BELOW ................................................................................................1

JURISDICTION ....................................................................................................1

RELEVANT STATUTORY PROVISIONS........................................................2

INTRODUCTION..................................................................................................2

STATEMENT OF FACTS....................................................................................3

REASONS FOR GRANTING THE PETITION ...............................................6

    I.   Petitioner's question is important with a weighty impact upon the Nation's political process. .........................................................................6

    II.  This case presents a rare and apt vehicle to resolve the question. ...................8

CONCLUSION ......................................................................................................9

RULE 33 CERTIFCATION................................................................................10

# TABLE OF AUTHORITIES

**Cases**

*Citizens United v. FEC*,
  558 U.S. 310 (2010) .................................................................................................8

*Edwards v. Trulis*,
  212 So. 2d 893, 896 (Fla. 1st DCA 1968) ...............................................................6

*Karl Rove & Co. v. Thornburgh*,
  39 F.3d 1273 (5th Cir. 1994) ...................................................................................7

*Masterpiece Cake Shop, Ltd. v. Colo. Human Rights Commission*,
  138 S. Ct. 1719 (2018) .............................................................................................7

*McCutcheon v. FEC*,
  572 U.S. 185 (2014) .................................................................................................6

**Statutes**

28 U.S.C. § 1254(1) .......................................................................................................1

**Constitutional Provisions**

U.S. Const. Amend. I ....................................................................................................2

No. _____

IN THE
SUPREME COURT OF THE UNITED STATES

ANTON J. LAZZARO,
Petitioner,

v.

LGM CONSULTING GROUP,
Respondent.

ON PETITION FOR A WRIT OF CERTIORARI
TO THE SUPREME COURT FOR THE STATE OF FLORIDA

**PETITION FOR A WRIT OF CERTIORARI**

Petitioner Anton J. Lazzaro respectfully seeks a writ of certiorari to review the judgment of the Supreme Court for the State of Florida.

## OPINION BELOW

The opinion below is unpublished at and is reprinted in the Appendix to this Petition.

## JURISDICTION

The Supreme Court for the State of Florida issued its decision on April 10, 2025. Hence, this Petition is timely. This Court has jurisdiction to review the decision of the Supreme Court for the State of Florida under 28 U.S.C. § 1254(1).

## RELEVANT STATUTORY PROVISIONS

This Petition involves the First Amendment to the United States Constitution, which is made applicable to the States by the Fourteenth Amendment to the United States Constitution. The First Amendment provides:

> Congress shall make no law ...abridging the freedom of speech, or of the press, or the right of the people peaceably to assemble, and to petition the government for redresses of grievances.

U.S. Const. Amend. I.

The First Amendment is reprinted in the Appendix to this Petition.

## INTRODUCTION

The political process is our Nation's method of peacefully allocating power. This Court has thus consistently rejected laws and regulations that impermissibly interfere with a political campaign's ability to communicate its message to the People. The State of Florida's common law features a subtle muzzle on political campaigns. It authorizes a political fundraising consultant to recover expectancy damages for breach of contract from a political campaign.

As it played out here, Lacy Johnson, a candidate in Minnesota's Fifth Congressional District contracted with a Florida-based political fundraising consultant. Against the campaign's wishes, the consultant used far-right language that painted Johnson, an urban black Republican, as a right-wing candidate. Republican operatives and consultants advised the Johnson campaign that the messaging was hugely incompatible with their goal of flipping a typically 80% Democrat urban district. The Johnson campaign terminated the consultant, was sued for breach of contract, and had judgment entered against it not for the work

2

that was performed, but for the profits from the work that would have been performed absent the termination, i.e., expectancy damages. Judgment was also entered against Petitioner, a prominent Minnesota donor, who had personally guaranteed the contract.

Florida's authorization of expectancy damages chills campaigns from contracting with Florida-based fundraising consultants. It also chills people from contributing to campaigns by, for example, guaranteeing contracts. Finally, for the unwary campaigns that fall into the trap of contracting with Florida-based political fundraising consultant, it gives rise to the Hobson's choice of terminating the consultant and facing a crippling expectancy damages judgment or keeping the consultant and enduring speech that does not reflect the campaign's values.

No one doubts that political fundraising consultants are entitled to money for the work they perform and the Johnson campaign never contended otherwise. There is no policy interest served by authorizing fundraising consultants to recover money for work that was not performed. And there are many political speech-destroying reasons to prevent political fundraising consultants from recovering expectancy damages. We want political campaigns, and not their fundraising consultants, to control a candidate's political speech. This Court's intervention is urgently needed to preserve this value.

## STATEMENT OF FACTS

1.  In 2020, Petitioner Anton J. Lazzaro was a volunteer campaign worker for the Lacy Johnson for Congress campaign in Minnesota's Fifth Congressional

District, which represents the City of Minneapolis. Johnson's opponent was Congresswoman Ilhan Omar, the well-known sitting representative in the district to this day.

2.  Petitioner, a vocal political activist, had volunteered to assist in managing political campaigns for nearly a decade, and was excited to assist Johnson in running against a very high-profile candidate. Petitioner was never compensated by the Johnson campaign or any other campaign he has volunteered for.

3.  In 2019, Petitioner was approached though an acquaintance in Florida with an idea. The acquaintance suggested working with a company, LGM Consulting Group ("LGM") to assist in raising funds for Johnson's campaign. Unlike most local campaigns, the Johnson campaign would have a unique reach to national GOP donors who disliked Representative Omar's more extreme political positions.

4.  By mid-2019, an agreement had been signed by Petitioner and Johnson for LGM to utilize e-mail marketing to raise funds for the Johnson campaign. The agreement provided in relevant part that Johnson agreed to give LGM over 80% of the funds they raised. This was due to LGM's agreement to only charge fees based on what was raised.

5.  After just two months of fundraising, the relationship deteriorated rapidly. LGM raised less than $100,000, of which they retained over $80,000. Against the Johnson campaign's wishes, LGM used far-right language that painted Johnson, an urban black Republican, as a more right-wing candidate to appeal to

4

donors outside of his district. Republican operatives and consultants advised the Johnson campaign that LGM's political speech was hugely incompatible with their goal of flipping a typically 80% Democrat urban district.

6. Several constituents and campaign volunteers also expressed serious concerns with the speech LGM utilized. Along with LGM's paltry fundraising, the writing was on the wall that it would be impossible to continue this relationship.

7. Unbeknownst to Petitioner and Johnson, the DocuSign PDF they had earlier signed included a personal guarantee and language that prohibited the campaign from terminating LGM before the 2020 election had already taken place and the fundraising period had closed. The contract even went as far as prohibiting the Johnson campaign from working with *any* other digital fundraising consultants throughout the entirety of the campaign. Campaign counsel advised Johnson and Petitioner that this language was absurd and unheard of in any political campaign. LGM was then terminated in writing, and thereafter ceased all digital media efforts on behalf of the Johnson campaign.[1]

8. In 2021, LGM sued Petitioner and Johnson personally in Palm Beach County, Florida, in an effort to collect "hypothetical funds" they alleged "could have" potentially been raised had LGM not been terminated. LGM has never contested the fact that they were fully compensated for the work they actually performed on the Johnson campaign's behalf.

---

[1] The Johnson campaign ultimately raised over $10 million, but lost the race to Representative Omar in the heavily-Democrat district.

5

9. The Palm Beach County District Court summarily granted LGM's motion for summary judgment and awarded LGM expectancy damages.

10. Petitioner appealed the judgement to the Florida Fourth District Court of Appeals. The Florida Fourth District Court of Appeals summarily affirmed the Palm Beach County District Court.

11. The Florida Supreme Court denied Petitioner's petition for a writ of certiorari.

12. Petitioner seeks review of the decision of the Supreme Court for the State of Florida.

## REASONS FOR GRANTING THE PETITION

Petitioner respectfully requests that the Court accept review of the question presented because the question is important with a weighty impact upon the Nation's political process and this case presents a rare and apt vehicle to resolve this question.

### I. Petitioner's question is important with a weighty impact upon the Nation's political process.

This Court has repeatedly and consistently struck down political speech barriers, including communication barriers between a political campaign and prospective voters. See, e.g., *McCutcheon v. FEC*, 572 U.S. 185, 191 (2014). Under this precedent, a contract that unreasonably restricts a political campaign from communicating with the public must be set aside as void against public policy. See *Edwards v. Trulis*, 212 So. 2d 893, 896 (Fla. 1st DCA 1968) (holding that a contract

is void against public policy when it cannot be enforced without violating a constitutional provision).

No one disputes that a political fundraising consultant is entitled to be paid for the work they actually perform—their actual damages. *Karl Rove & Co. v. Thornburgh*, 39 F.3d 1273 (5th Cir. 1994) (awarding actual damages, but not expectancy damages, to a political fundraising consultant after a political campaign breached its contract with the consultant). However, a political fundraising contract with an exclusivity provision and which entitles a consultant to expectancy damages upon termination violates the First Amendment's protection of political speech.

This is true because a political campaign subject to such a contract is faced with the Hobson's choice of: (a) continuing to pay for political speech that does not represent the campaign's views; or (b) breaching the contract and paying expectancy damages that will leave the campaign unable to afford publishing future political speech.

This Court's decision in *Masterpiece Cake Shop, Ltd. v. Colo. Human Rights Commission*, 138 S. Ct. 1719 (2018) reinforces the point. In *Masterpiece Cake Shop*, the Court held that the Colorado Human Rights Act violated the First Amendment as applied to a private bakery that did not, for religious reasons, wish to make wedding cakes for same-sex weddings. If the expression associated with creating wedding cakes is protected by the First Amendment, then the restriction on political speech that expectancy damages places on political campaigns should also be struck

down under the First Amendment; the speech associated with political campaigns goes directly to the system by which our Nation peacefully allocates power.

Enforcing expectancy damages against campaign donors, such as Lazzaro, adds an additional layer of First Amendment violations because it chills political donations. The Court's decision in *Citizens United v. FEC*, 558 U.S. 310 (2010) provides that political donations are a form of First Amendment protected speech. A political donor will be chilled from providing personal guarantees and other valuable property to a political campaign if they are subject to paying for unearned expectancy damages.

The Court should grant this petition for a writ of certiorari to review the First Amendment questions presented above.

II. **This case presents a rare and apt vehicle to resolve the question.**

This case presents a rare and apt vehicle to resolve the question. To Petitioner's knowledge, this is the Court's first opportunity to resolve the important question presented by this Petition. It is also an apt vehicle. The only issue Petitioner disputes in the judgment below is the lower courts' decision to authorize expectancy damages in the factual context presented below.

## CONCLUSION

The Court should grant this Petition.

Dated: July 8, 2025

Respectfully submitted,

Anton J. Lazzaro
Reg. No. 59637-509—Unit K3
Federal Correctional Institution
P.O. Box 1000
Sandstone, MN 55072
*Pro se*

9

## RULE 33 CERTIFCATION

The undersigned certifies that the above Petition for a Writ of Certiorari complies with the page count limitation of Supreme Court Rule 33. This document was prepared in 12-point Century Font. Its body contains fewer than 40 pages.

_____
Anton J. Lazzaro

No. _____

IN THE
SUPREME COURT OF THE UNITED STATES

ANTON J. LAZZARO,
Petitioner,

v.

LGM CONSULTING GROUP,
Respondent.

ON PETITION FOR WRIT OF CERTIORARI
TO THE SUPREME COURT OF THE STATE OF FLORIDA

**APPENDIX TO PETITION FOR A WRIT OF CERTIORARI**

Anton J. Lazzaro
Reg. No. 59637-509—Unit K3
Federal Correctional Institution
P.O. Box 1000
Sandstone, MN 55072
*Pro Se*

## TABLE OF CONTENTS

Order of the Fifteenth Judicial District
   in and for Palm Beach County, Florida ..................................................... _____

Order of the District Court of Appeals
   of the State of Florida Fourth Judicial District ........................................ _____

Order of the Supreme Court
   of the State of Florida ................................................................................. _____

First Amendment to the U.S. Constitution .................................................... _____

No. _____

IN THE
SUPREME COURT OF THE UNITED STATES

ANTON J. LAZZARO,
Petitioner,

v.

LGM CONSULTING GROUP,
Respondent.

PROOF OF SERVICE

I declare that on this date, __8 July 2025__, as required by Supreme Court Rule 29, I have caused to be served the enclosed:

3. Petition for Writ of Certiorari
4. Appendix to Petition for Writ of Certiorari

Service was made to the Clerk of Court for the United States Supreme Court and to each party to the above proceeding or that party's counsel by depositing an envelope containing the above documents in the prison mailbox properly addressed to each of them and with first-class postage prepaid. The names and addresses of those served are:

LGM Consulting Group, Inc.

Anton J. Lazzaro
Reg. No. 59637-509—Unit K3
Federal Correctional Institution
P.O. Box 1000
Sandstone, MN 55072
*Pro Se*